Judge Marshall
delivered the Opinion of the Court.
A judgment rendered in favor of Roberts, the plaintiff in this action, was formerly reversed by this Court, on the ground that the Circuit Court had erred in overruling a demurrer to the declaration, and in sustaining a demurrer to the defendant’s plea. The opinion then rendered is to be found in 4 Dana's Reports, 172; and reference is made to it for a statement of the pleadings then before the Court.
On the return of the cause, the declaration was so amended as to render its statement of the consideration of the contract conformable to the contract itself in the particular in which it had been variant, in the opinion of this Court; and a replication was filed, traversing the averments of the defendant’s plea, which had been determined to be valid. The defendant demurred to the declaration as amended, and joined issue on the replication. And his demurrer having been overruled, and the issue found against him, and a new trial refused, he has again brought the case before this Court by writ of error.
The first question is whether the declaration, as amended, is sufficient. As the declaration originally stood, the condition precedent is alleged, in the averment of performance, in the same words in which it is described in setting out the contract. And the amend■ment having only been made in that part of the declaration which sets out the contract, there is now, on the face of the count, the same variance between the condition precedent, and the alleged performance, as there formerly was between the condition itself, as set out in the declaration, and as evidenced by the written contract.
*27 That the variance formerly existing in the statement of the contract, was properly decided to be fatal, we have no doubt. 1 Chit. pl. 327. And it might seem to follow, as urged in argument, .that the same variance between the condition precedent and the performance alleged must be equally fatal. Without admitting, that such must necessarily be the universal consequence, we are of opinion that, the averment of performance as now made is insufficient. In 1 Chitty’s pleadings, pa. 256-7, it is laid down that, ‘where it is necessary to aver performance on the part of plaintiff, it must be shown to be according to the intent of the contract;’ also, that ‘an exact performance must be stated,’ and that, the performance must.be shown “with such certainty that the Court may judge whether the intent of the covenant has been duly fulfilled.”
Now, it is entirely clear, from the condition of the bond sued on, that, according to the true intent of the covenant, the thing to be done by the obligees, before they should be entitled to the stipulated compensation, was the recovery of the lots described on the demise of Wilhite’s wife, that is, on her title; and it seems to us that, the averment of a recovery on the demise of Wil-hite and wife and others, without other allegation or explanation, is not equivalent to an averment of a recovery on the demise of the wife alone, and therefore, does not show such a performance as can be determined to be substantially according to the intent of the covenant.. The recovery may have been upon the title of some of the other lessors, or upon a joint or common title, instead of the several title of Mrs. Wilhite.
We are of opinion, therefore, that the Court erred in overruling the demurrer to the amended declaration.And as, for this error, the judgment must be reversed,, and the proceedings will have to be commenced again with an amendment of the declaration, if the plaintiff should choose to amend, it is unnecessary to decide whether the uncontradicted evidence in support of the-plea was of so conclusive a character as to authorize this Court to direct a new trial of the case, in opposition to the opinion of the Circuit Court. The question *28 as to the admissibility of the evidence objected to by the defendant, may not occur again, if the declaration should be properly amended, and need not, therefore, be now decided.
For the error before noticed, the judgment is reversed, and the cause renranded, with directions to sustain the demurrer to the declaration, and to give judgment thereon For the defendant, unless the plaintiff shall amend.