No. 73.—Jeremiah Wyche, plaintiff in error *vs.* Matthew H. Myrick, defendant in error.

[1.] By Organic Legislation, this Court is required "to hear and determine upon matters contained in the transcript of the record, and not otherwise". And when the Clerk of the Court below appends his certificate to that transcript, to the effect that it contains a true exemplification of the record, in the case sent to us, upon the hearing before us, such record must be received as presenting the case correctly.

[2.] An admission, made by a principal, after the relation between him and his surety has terminated, is not binding on the security. But this rule does not apply to a case where one who has held the office of Sheriff, is ruled for misconduct, or neglect of duty, while in office, and the rule is made absolute, against him, because he fails to appear and show cause why it should not be done. The liability of his securities is there fixed, not by the Sheriff's admission, but by his failure to account for misconduct or neglect of duty, while he was in office. In such case, too, as the Law continues the responsibility of the Sheriff to a rule, after his term has expired, the relation of principal and surety is continued between him and his securities, *quoad* the transaction in which he is made responsible.

[3.] The liability of the Sheriff for 20 per cent. interest on the amount collected by him, when fixed by a proceeding under the Act of 1841, being, as it were, in the nature of a judgment, and not strictly of a penalty, as for contempt, must be considered as one of the incidents to the contract, when

bond was given by himself and sureties ; and an action on said bond, for the same, may be maintained against the principal and said sureties.

Debt on bond.    In Marion Superior Court.    Tried before Judge IVERSON, August Term, 1853.

Cullen R. Lockett, as Sheriff of Marion county, gave bond, with Jeremiah Wyche, as one of his sureties.    Matthew H. Myrick brought suit and obtained judgment and execution against Sarah Estes, in the Inferior Court of Marion county, which execution was placed in the Sheriff's hands for collection.    Subsequently, the court-house of Marion county was burned, and with it, many of the papers and records of the Inferior Court.    At the November Term, 1848, of the Inferior Court of Marion, a copy-declaration, process, confession of judgment, judgment and *fi. fa.* in the case of *Myrick vs. Estes*, being presented to the Court, the following order was passed : " It appearing to the Court that the foregoing is, in substance, a copy of an original writ, judgment and execution, that is lost, or destroyed by fire, when the court-house in said county was burnt : *Ordered*, that the said copy be established, in lieu of the original, so lost, as aforesaid, and that the same be taken, held and executed, as and for said originals, so lost".    No entry of service, by the Sheriff, appeared in the copy established.

At November Term, 1844, a rule *nisi* was taken against Lockett, former Sheriff, requiring him to show cause, at the next term, why he should not pay over the amount of the *fi. fa.* of *Myrick vs. Estes*, collected by him.    At May Term, 1844, no cause being shown, a rule absolute was granted against the Sheriff, requiring him to pay over the amount of the *fi. fa.* immediately, with the additional sum of 20 per cent *per annum*, from the date of his notice of his liability.

The present action was for the use of M. H. Myrick, against Jeremiah Wyche, one of the sureties of Lockett on his official bond.    On the trial, the plaintiff offered, in evidence, an exemplification, under the seal of the Inferior Court of Marion county, of the case of *Myrick vs. Estes*, showing the papers.

established as aforesaid, and the order establishing them, as above set forth.   To this, counsel for Wyche objected, on the ground that the order established no process, service or confession of judgment, and that the judgment was therefore void. The Court overruled this objection, and defendant excepted.

The Court charged the Jury, that the rule absolute, against the former Sheriff, was presumptive evidence against the surety; and that unless such presumption had been rebutted, they must find for the plaintiff interest on the principal sum, at the rate of 20 *per cent. per annum.*   To this charge defendant excepted.

Defendant's counsel asked the Court to charge, that if the declaration and process, in the case of *Myrick vs. Estes,* had never been served, then they must find for the defendant.   The Court refused so to charge, and defendant excepted.

Defendant's counsel requested the Court to charge, that the order of the Inferior Court, establishing the original writ, judgment and execution, was no evidence of there ever having been a verdict or confession of judgment; and that if there was no such verdict or confession, the Jury must find for defendant. The Court refused so to charge, and defendant excepted.

Other exceptions were filed, but on these alone has error been assigned in this Court.

BLANFORD & CRAWFORD and E. H. WORRELL, for plaintiff in error.

B. HILL, for defendant in error.

Judge BENNING having been formerly of counsel in this case, did not preside.

*By the Court.*—STARNES, J., delivering the opinion.

[1.]  It is first insisted, in this case, that the order of the Inferior Court, establishing the record, in the case of *Matthew H. Myrick vs. Sarah Estes,* which had been destroyed by the

burning of the court-house, was no evidence against Wyche, the security; inasmuch as the judgment was void, there being no process attached to the writ, and no verdict or confession of judgment.

We find by that order, that the original writ, judgment and execution, are therein recognized as having been lost, and a a copy thereof was thereby established. If it were necessary, we think that in such a case, it might very properly be intended, that by original writ, petition and process were meant, as they usually go together in our practice; and thus, the process might be shown to have been established.

But we place the point upon another and more satisfactory ground. By the Act organizing this Court, we are required "to hear and determine upon matters contained in the transcript of the record, and not otherwise". On looking to that source, upon which we are thus made to depend for the facts, we find that the order of the Court to which we have referred, is preceded by a petition, process and confession of judgment, judgment, *fi. fa.*, levies, &c., and the Clerk who sends this record to us, certifies that it contains a true exemplification from the record of his Court in the case of *Matthew H. Myrick vs. Sarah Estes.* We must now receive the record, as showing that process was issued, and also confession of judgment. And as to these, the point is thus settled.

It is true that no return of service, of the petition and process, in that case, appears, by the record, to have been made. But this defect is cured, after confession of judgment, (which is tantamount to a verdict.) (4 *Anne, ch.* 16, *sec.* 2. 1 *Ch. Pl.* 723. *Tidd. Pr.* 927.) And especially by virtue of the Statutes of Jeofails. (*Tidd. Pr.* 923. *Wilson vs. Nichols,* 16 *Shep.* 566. *Smith and another vs. Taylor and Wife.* 11 *Ga.* 20.

[2.] The next position assumed by plaintiff in error is, that the order absolute against the Sheriff, (Lockett,) was not proper evidence to bind Wyche, the security, because it rested on an admission of the principal, after his term of office had expired; and no admission made by such principal, after the rela-

tion between them, of principal and security has terminated, should be allowed to bind the security.

The principle stated in the latter part of this proposition, may be conceded, as a general rule, to be correct; but it is not applicable to this case, for two reasons: 1. The rule was not, in point of fact, made absolute by virtue of the Sheriff's admission, but because of his failure to appear and show cause for what otherwise appeared official delinquency, occurring while he was regularly in office, and the relation of principal and security, was confessedly subsisting between himself and Wyche. 2. By our Law a responsibility of this officer to the " order and rule of the Court", as to all matters pertaining to the discharge of his duties while in office, continues after the term of his office has expired. We are inclined, therefore, to hold that the relation of principal and surety continues between the Sheriff and his securities, in the case of such a proceeding against him, *quoad* that transaction.

[3.] The liability of the Sheriff for 20 per cent. on the amount collected by him, was not created by the rule absolute, as supposed, and is not, therefore, in the nature of a penalty, (as for contempt,) for which the surety is not responsible.

The liability in this case has been fixed by a proceeding, under the Act of Dec. 11th, 1841. That Act declares, "that from and immediately after the passage of this Act, that whenever a rule absolute shall be obtained against any Sheriff, Coroner, Justice of the Peace, Constable, Clerk of the Superior or Inferior Court, or Attorney at Law, for the payment of money, when such money shall not be promptly paid, that such demand shall thereafter draw an interest, at the rate of 20 per cent. per annum". (*Cobb's N. D.* 579.) By this Act it is obvious that the Legislature has, as it were, given to the rule absolute, in such a case, the character of a judgment, which is to bear interest at the rate of 20 per cent. &c. The Act does not provide, that upon the Sheriff failing promptly to pay, he shall be punished by having to pay such amount of interest, or that " he shall be compelled to pay the same", &c.; but it declares that thereafter, "such demand shall *draw* an interest, at the

rate of 20 per cent. per annum". The payment of this interest, therefore, is made an incident of Law, and cannot, properly, be considered alone in the character of a penalty, for official misconduct.

The liability which is thus cast upon the principal, by effect of Law, must be considered as one of the incidents to the contract, when bond was given by himself and sureties, for his proper discharge of official duty.

Judgment affirmed.