PYNANT EASLEY, plaintiff in error, *vs.* JOSEPH CAMP, defendant in error.

1. In a motion to set aside a judgment within twelve months after the adoption of the Constitution of 1868, as provided therein, for fraud, illegality or error of law, the movant must show fraud, illegality or error of law in the judgment. If he had a good legal defense thereto and failed, by his own *laches*, to plead it, and the judgment was right, under the case as made, it is not an illegal judgment in the sense of those words as used in the Constitution of 1868.

2. It is the duty of the plaintiff in error to bring up the whole record of his case to this Court, and when there was a motion to set aside a judgment on the ground that the consideration of the debt sued on, was a horse to be used in the Confederate service, and the Court below, on proof, granted the motion, and the plaintiff in the judgment excepted, but failed to bring up any record of the judgment, or even to show its date:

*Held,* That in favor of the decision of the Court below, this Court will presume, either that the judgment was obtained during the war, when such a plea would not have been allowed, or if since the war, on an erroneous ruling of the Court against the plea.

Relief. Judgments. Uncertainty. Bill of Exceptions. Before Judge POPE. Clayton Superior Court. March Adjourned Term, 1869.

Camp moved to set aside or scale two judgments which stood against him in said Court. All that appears concerning them in the record is, that each was in favor of Pynant Easley, against J. J. Haines, principal, and Joseph Camp, endorser; one for $384 55 principal, $117 61 interest to judgment, and the other for $150 00 principal, and $39 90 interest to judgment. The motion was to set them aside because the consideration of his endorsement was a horse furnished to war against the United States; the motion to scale

Easley *vs.* Camp.

them was upon the ground of his having lost property by the war.

Rules *nisi* were served upon James F. Johnson, Esq., "as Easley's attorney" in Feburary, 1867. Whether he sued out said judgments does not appear, but it was conceded that he did, in the argument here.

In answer to these rules, Johnson appeared as counsel for Easley in said motions, and moved to dismiss them upon the grounds that Easley had not been served, that Easley resided out of this State, and therefore the "Relief law" did not apply to him because there was no suggestion of fraud, mistake, illegality or error of law in procuring said judgments, and because that part of the Constitution of Georgia which allows judgments set aside is unconstitutional. The Court overruled the motion and the parties went to trial, trying both cases together by consent.

The evidence showed that about the first of March, 1863, Camp went to Johnson and told him that he wished to get a horse for his, Camp's, son to ride upon as a cavalryman in the Confederate States army, and told Johnson that if he could get a mule he could swap it for a horse, or let· his son ride the mule in the service; thereupon Johnson sold him a mule, and took in part payment therefor the notes on which said judgments were founded, with Camp's endorsement on them; Camp swapped the mule for a horse, and his son used the horse as a cavalryman as aforesaid.

It did not appear when or how Easley became owner of the notes, if he ever did. Johnson testified that Easley had no notice of the consideration for Camp's endorsement, and none of these motions. There was other evidence as to the value of the mule, and loss of Camp's property, but it is immaterial. The jury set aside the judgments as to Camp.

Easley moved for a new trial upon the grounds that the Court erred in overruling the motion to dismiss the rules *nisi* upon the grounds therein stated, in allowing proof of the loss of property by the war, and because the verdict was strongly against the weight of the evidence. The Court re-

Easley *vs.* Camp.

fused a new trial, and that refusal is assigned as error upon said grounds.

What the Court charged the jury does not appear. Another assignment of error is, that the Court erred in holding the "Relief Act" constitutional. But the Judge certifies that he did not decide whether it was constitutional or not, but that these judgments might be opened under the Constitution of 1868, if not under the "Relief Act."

JAMES F. JOHNSON, by M. M. TIDWELL, for plaintiff in error.

STEWART & PEEPLES, by T. W. J. HILL, for defendant.

McCAY, J.

This was a motion to set aside a judgment obtained in Clayton Superior Court, on the ground that it was illegal. It is claimed that the consideration of the debt on which the judgment is founded, was a mule, sold by the plaintiff's endorser, to the defendant, Camp, to be used in the Confederate army, that for this consideration Camp endorsed the note which was then a due note, and that the person to whom the note was thus endorsed, knew the use that was to be made of the mule.

The Constitution of 1868, in ratifying and adcpting the judgments of the Courts, from the 19th January, 1861, the date of the Ordinance of Secession, expressly provides that no motion to set aside any such judgments, for "fraud, illegality or error of law," shall be denied by reason of its not having been moved in time, if the motion is made within twelve months after the adoption of the Constitution. The movant in this case is within the twelve months, and he claims that there is an error in law or illegality in the judgment.

The Court below entertained the motion, an issue was made up, the jury found in favor of the movant, and the Court set aside the judgment.

The plaintiff in error has not seen fit to cause the record of the judgment to be brought before this Court, and we are

Easley *vs.* Camp.

unable to say that the Court erred.   We do not know when the judgment was obtained, nor do we know from the record whether the defendant, in the judgment, set up this defence at the trial or not.   We do not even know that the judgment has not been obtained since the ratification of the Constitution.   If this judgment was obtained since the ratification of the Constitution, or since the war, after the Courts would have permitted such a plea, and no such plea was made, we do not think the judgment was illegal.   If parties have a good legal defence, and fail to make it, and the Court decides rightly on the case as made, it is not an illegal judgment, no error in law has been committed, and the judgment will stand unless the parties can show some good reason for their neglect to set up their legal defence.

If this judgment and the record connected with it were before us, and it appeared to have been obtained since April, 1868, or even before that time (since the war,) without any ruling of the Court, that the plea now set up was bad, it would not be an illegal judgment, no error of law would have been committed, the fault, if any, would have rested on the party, and the clause in the Constitution of 1868 would not aid him.

But the judgment is not here ; it may have been obtained during the existence of the war, when it was not possible, or permissible to put in such a plea, or it may have been obtained since the war and before April, 1868, under a ruling of the Court against such a plea.   In either of these two contingencies the motion was a good one, and Judge Pope's ruling perfectly correct.

The plaintiff in error has not brought the judgment and the proceedings to this Court with his transcript, and this Court is unable to say there was error in Judge Pope's ruling. The rule uniformly adopted in this Court is, that it lies in the plaintiff in error to show by the record that the Court below erred.   If there is any part of the record not brought here, which *might* show the Court below to be right, this Court will presume against the plaintiff in error.   Perhaps, if the judgment in this case, and the record and proceedings were

before us, (and they were the very foundation of this motion,) it would appear that this judgment was obtained during the war, or if after the war, on a ruling of the Court against the plea.   In either case the present motion would be good.

During the war such a plea could not be pleaded and the defendant in the judgment is not in *laches,* and even if the judgment was obtained since the war and before April, 1868, it may have been on a ruling of the Court against the plea.

In favor of the judgment of the Court below we will presume, (it being the plaintiff's business to bring the record here,) that if here it would show either that the judgment was obtained during the war or on an illegal ruling of the Court before which it was obtained against the plea.   And on this ground we affirm the judgment.