CREWS *v.* RANSOM *et al.*

No. 11279. OCTOBER 14, 1936.

*Julius Rink,* for plaintiff. *S. W. Fariss,* for defendants.

RUSSELL, Chief Justice. It appears from the record that Jim Crews filed a petition against G. L. Stamper and the Bank of LaFayette, for the purpose of canceling and setting aside several deeds. The petitioner also asked that the title to a described house and lot in LaFayette, Georgia, be decreed to be in him. The suit was filed on February 14, 1935. Stamper filed no answer or plea, and made no defense. The Bank of LaFayette answered on March 8, 1935, denying each and every allegation in the petition, and in addition showed that in paragraph 15 of the petition the following recitals appear: "Petitioner shows that the said Bank of LaFayette, being the maker of the deed referred to, is a necessary party to this suit; and that while no specific relief is being sought against said Bank of LaFayette, they not being charged in any way of any

wrong-doing, and are made parties hereto for the reason they were a party to this deed," and averred that, since no relief was asked against it, the Bank of LaFayette for want of sufficient information denied every paragraph as well as the prayer of the petition, and prayed to be dismissed. The deed just referred to was signed by the Bank of LaFayette, and conveyed title to G. L. Stamper. In view of the fact that error is assigned upon the court's direction of the verdict, we have gone very carefully over the brief of evidence as it appears in the record, and have reached the conclusion that the court did not err, for the reason that the plaintiff proved himself out of court, and that the intervenors (to whom we shall presently refer) were entitled to a verdict in their favor. It is a trite saying in this court that it is never error to refuse to direct a verdict. It is true that in directing a verdict, the court does so at its peril, and if by any reasonable inference based upon the evidence adduced there is the slightest scintilla of doubt, it is safer to refuse to direct a verdict than to direct one. *Davis* v. *Kirkland,* 1 *Ga. App.* 5 (58 S. E. 209). On the other hand, a verdict may be directed without error on the part of the court, where no other verdict than that which the court may direct could have been legally attained. "When there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Code, § 110-104.

In this case the plaintiff testified that in 1920 he executed a voluntary deed of gift, in consideration of love and affection, to his wife, Mattie Crews, on the faith of which instrument and apparently with his knowledge and consent she was enabled to borrow money from the Bank of LaFayette and to execute a deed to the property involved, to secure her indebtedness to the bank. As the plaintiff asked that title be decreed in him, the general rules as to the proof necessary to recover upon such prayer are those applicable in a suit in ejectment at common law. One of these rules, so well understood as not to require citation of authorities, is that the plaintiff must recover upon the strength of his own title, and not upon the weakness of the title of his adversary. In this case it appears that the plaintiff not only failed to make proof of his title, but he actually disproved his title, to the benefit of his adversaries. As stated above, Stamper made no answer, and in his

petition the plaintiff conceded that he had no cause of quarrel with the Bank of LaFayette, and that none of the allegations of the petition entitled him to a recovery against the bank. G. W. Ransom and H. D. Shattuck filed a petition for intervention, in which they set out that the suit involved title to certain land therein described; that they were financially interested in the title; that before the filing of the suit this land was sold by the sheriff of Walker County to satisfy a tax execution, and was purchased by the Bank of LaFayette, which, on January 3, 1933, conveyed the land to G. L. Stamper, and Stamper conveyed it to J. S. Burgess by deed to secure a debt; that on July 10, 1933, Stamper executed a second security deed conveying the same property to W. J. Shattuck, F. J. Shattuck, and Mrs. S. E. Ransom, and this deed was transferred to the intervenors; that in February, 1935, J. S. Burgess, as attorney in fact for Stamper, executed a deed conveying the same property to G. W. Ransom, Burgess having foreclosed Stamper's security deed and advertised the property for sale under its terms, and Ransom having been the highest and best bidder at the sale; that the plaintiff, Jim Crews, had no right or title, but the property belonged to Mattie Crews before the time when she executed the deed conveying it to the Bank of LaFayette; and that the plaintiff's prayer for verdict and judgment vesting the title to the property in him should be denied.

The plaintiff demurred to the petition of the intervenors, on numerous grounds which the court overruled. We deem these demurrers so much without merit as to obviate the necessity of quoting them. The court sustained paragraph 3 of the demurrer, and in response the intervenors amended by setting forth copies of their muniments of title to the premises in question. The court allowed the intervention; and for that reason the real trial was not between the plaintiff and the original defendants, but between the plaintiff and the intervenors. In view of the fact that the evidence, for reasons already stated, demanded the verdict in favor of the intervenors, the court did not err in overruling the motion for new trial. Exception is also taken to the court's directing, in the verdict, a finding in favor of the plaintiff, Crews, for recovery of rent of the house, and not also directing that he was entitled to the possession of the house itself, on the principle that if he was entitled to rents, his title to the property rented would naturally accrue. There is

a well-settled principle that when there is a conflict between the recitals in the bill of exceptions and the record, the record must prevail. An examination of the record shows that no verdict as to rent was directed by the court, and in fact the court did not direct a verdict of any kind in favor of the plaintiff. The plaintiff himself entered the judgment, as he had a right to do, since the defendant Stamper had filed no answer and the case as to him was in default. The plaintiff presented this judgment to the court, and the judge signed it. So the attempted exception as to this point is without merit and unsustained by the record. The court did not err in its rulings as to the demurrer, or in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent because of illness.*