## SALIBA *et al.* *v.* SALIBA.

No. 15614. NOVEMBER 14, 1946. REHEARING DENIED DECEMBER 2, 1946.

684

*H. A. Wilkinson, W. L. Ferguson,* and *R. R. Jones,* for plaintiffs in error.

*Farkas & Burt,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ The only question now for decision is whether or not the court erred in appointing a receiver. Counsel by their briefs disagree as to whether the court heard evidence in support of the allegations of the petition. The bill of exceptions recites that the plaintiff in the court below introduced no evidence in support of his application. The order naming a receiver, which is a part of the record, recites: "The application for a receiver in the above

matter coming on to be heard this the 20th day of July, 1946, after considering the application, answer thereto, the evidence adduced in the trial of the probation of said will, and additional evidence and argument of counsel." In *Crews v. Ransom*, 183 *Ga.* 179 (3) (188 S. E. 1), this court said: "When there is a conflict between the recitals in a bill of exceptions and the record, the record must prevail." Neither the recitals contained in the bill of exceptions nor the record show the evidence adduced in the trial of the probate proceedings of the will of John Rogers Saliba or what the "additional evidence" was. There is, we think, a conflict between the recitals contained in the bill of exceptions and the record, and the latter must prevail. The burden is on him who alleges error to show it affirmatively by the record. *Loveless* v. *McCollum*, 185 *Ga.* 751 (196 S. E. 428). In *Stubbs* v. *Central Bank of Georgia*, 7 *Ga.* 258, this court held: "The party who challenges the legality of the opinion of an inferior tribunal must prove the error by the record. The court below is presumed to have decided correctly, until the contrary is shown." It is the duty of a plaintiff in error to see that the whole record is before the Supreme Court, and imperfections in the record, resulting from his failure in this particular, will be construed against him. *Easley* v. *Camp*, 40 *Ga.* 698; *Howe Machine Co.* v. *Souder*, 58 *Ga.* 64. The plaintiff in error having failed to bring to this court the evidence upon which the lower court acted, it will be presumed that the same supported the allegations in the application for a receiver. Therefore, since the order appointing a receiver was based upon the pleadings and evidence, the case falls within the rule that this court will not control the trial court's discretion unless it was manifestly abused. See *Astin* v. *Carden*, 194 *Ga.* 758, 764 (22 S. E. 2d, 481).

■ A court of equity has concurrent jurisdiction with the court of ordinary over the administration of estates, Code, § 113-2203, but will not interfere with the regular administration of estates except upon application of the representative, either, first, for construction and direction; second, for marshalling the assets; or except upon the application of any person interested in the estate when there is danger of loss or other injury to his interest. Code, § 37-403. *Mayo* v. *Keaton*, 54 *Ga.* 496. "To authorize such interference the facts must very clearly show there is a good reason

for so doing." *Butler* v. *Floyd,* 184 *Ga.* 447 (191 S. E. 460), and the cases there cited. This is an application, by one alleging himself to be an heir at law of an estate, against the administratrix de bonis non cum testamento annexo for the appointment of a receiver and for other equitable relief. In view of the pleadings, which we have fully set out in the statement of facts, and the presumption that the evidence submitted upon the hearing supported the application, the judge, mindful of the provisions embodied in the Code sections above cited, did not, under all of the circumstances disclosed by the record, abuse his discretion in appointing a receiver and granting an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*