## CURTIS *v.* SHARP *et al.*

DUCKWORTH, Chief Justice. 1. The bill of exceptions, including the exceptions pendente lite, must be tendered to the judge who presided within 20 days of the ruling complained of. Ga. L., 1946, pp. 726, 738 (Code, Ann. Supp., § 6-905). This rule applies in mandamus cases as provided in the 1946 act. See Code (Ann. Supp.), § 6-903.

2. The first judgment, which sustained a general demurrer and dismissed the petition for mandamus against the members of the Civil Service Board of the City of Rome, Georgia, and upon which error is assigned, is dated May 9, 1949; and the bill of exceptions was tendered June 11, 1949. Obviously the exceptions came too late, and the judgment complained of has become final.

3. Since the judgment dismissing the petition has become final, as ruled in the preceding headnote, and the case is thereby terminated, the abortive attempt to amend by filing with the clerk of the court on May 28, 1949, a purported amendment making entirely new parties defendant and praying for relief against such new defendants only, without any order of the judge allowing the same, was clearly unauthorized. The court did not err in entering the judgment of May 28, 1949, dismissing the petition and the amendment.

*Judgment affirmed. All the Justices concur.*

ON MOTION TO VACATE THE JUDGMENT.

Counsel for the plaintiff in error, in their motion to vacate and set aside the judgment of affirmance, contend that the order sustaining the general demurrer, purporting to have been signed on May 9, 1949, "was actually signed on June 9, 1949, as recited in the bill of exceptions" as certified by the presiding judge, and that this court should consider a nunc pro tunc order correcting the alleged error and pass on the merits of said case.

The above motion to vacate and set aside is hereby overruled for the following reasons: First, the record and the bill of exceptions conflict as to certain dates. In such a situation the case must stand upon the record. *Wyche* v. *Myrick,* 14 *Ga.* 584; *Southern Ry. Co.* v. *Flemister,* 120 *Ga.* 524 (48 S. E. 160); *Glover* v. *Newsome,* 132 *Ga.* 797 (65 S. E. 64); *Crews* v. *Ransom,* 183 *Ga.* 179 (188 S. E. 1); *Saliba* v. *Saliba,* 201 *Ga.* 681 (40 S. E. 2d, 732). Second, considering the nunc pro tunc order as being correct and thereby changing the date that the first general demurrer was sustained, the record would then show that the petition

as amended and dismissed on May 28, 1949, was the first judgment instead of the second. This would create an impossible situation.

*Motion to vacate and set aside denied.*

No. 16772. OCTOBER 10, 1949. MOTION TO VACATE JUDGMENT DENIED NOVEMBER 18, 1949.

*John D. Edge* and *Covington, Covington & Sullivan,* for plaintiff.

*Wright & Scoggin, Horace T. Clary,* and *Lanham, Parker & Clary,* for defendants.