ZACHARY S. MAYO, trustee, plaintiff in error, *vs.* JAMES K. P. KEATON, executor, *et al.*, defendants in error.

Under the bill, answer and affidavits in this case, it was not error in the judge to refuse the injunction and application for the appointment of a receiver. It should be a strong case to authorize a court of equity to interfere with the regular administration of an estate.

McCAY, Judge.

WOOTSON L. GUNNELS, plaintiff in error, *vs.* ISAAC B. DEAVOURS, defendant in error.

A justice of the peace having certain notes in his hands for suit, the defendant acknowledged, in writing, on the back of the notes, thus: "I acknowledge service on the within notes." The justice issued no summons, but entered the cases on his docket, and on his court-day, he being sick, sent his docket to a friend with the papers, who entered judgment in the cases, the magistrate not being present, and the defendant not appearing. Subsequently the defendant paid to the plaintiff a part of the debt, and it was agreed that the executions should be stayed for twelve months:

*Held*, that the judgments were void, and that there was nothing in the subsequent payment and agreement to estop the defendant from denying their validity.

McCAY, Judge.

ADAMS & BROTHER, plaintiffs in error, *vs.* A. S. HUMPHREYS, defendant in error.

1. The continuance was properly refused.
2. The declarations of an agent are not competent evidence against his principal, where it does not appear *when* they were made.
3. Where A orders goods for B, and they are shipped directly to the latter, but the bill, though made out against B, is sent to A, who forwarded the order, A has, at least *prima facie*, a right to collect as agent of the vendor of the goods.

TRIPPE, Judge.