SMITH & STROUD,<br>M. G. BAYNE,<br>Defendant's attorneys."

(The part in italics represents what was in writing, and the balance in printing.)

On the back of the petition appears another verdict, that " we, the jury, find the verdict for the defendant on the first plea. (Signed) Jno. R. Goodin, foreman."

Neither of the verdicts nor the judgment were dated.

Plaintiff moved for a new trial, because the verdict was contrary to law, evidence and the charge of the court; because the court refused to rule out the evidence of defendant, and strike his pleas, after it appeared that the note was given in renewal, and because the court charged that if the guano or any part of it was not tagged with the state inspector's tag or seal at the time defendant bought it from Houser (the plaintiff), the plaintiff could not recover, because the contract was illegal if the guano was not branded and tagged according to law.

The motion was overruled, and plaintiff excepted.

There also appears a judgment, granting a new trial, dated September 29, 1881.]

---

### THE BARNESVILLE SAVINGS BANK *vs.* RESPESS.

1. The judges of the superior court, in the exercise of their chancery powers, cannot be too careful in granting injunctions to restrain judgments obtained at law, and should never exercise this power without requiring ample indemnity from the person praying the injunction to the plaintiff in the common law judgment.
2. In this case, the proofs submitted to the chancellor at the hearing of the application for injunction were somewhat conflicting, and while probably the injunction should not have been granted, yet

this court cannot say that the court below violated that discretion vested in him in the exercise of this power. It would take an extreme case to authorize this court to interfere with the exercise of such power.

Judgment affirmed.

April 25, 1884.

BLANDFORD, Justice.

[Respess filed his bill against the Barnesville Savings Bank, alleging, in brief, as follows : One Cauthen applied to complainant to become his security on a note to the bank. The cashier assured complainant that Cauthen owned a house and lot in Barnesville, of a value amply sufficient to secure the debt; that complainant would be perfectly secure in becoming his security; and agreed to take a mortgage on the property, stating that the rule of the bank required personal security, and that complainant could sign merely to make the notes formal and in accordance with the rule of the bank; that, in fact, Cauthen never owned the house and lot; that the cashier took a mortgage witnessed by only one witness, and therefore defective; and that these facts were not known to complainant until after judgments had been rendered in common law suits against him on the notes in favor of defendant. The prayer was for injunction to restrain the enforcement of these judgments, and to set them aside.

Defendant demurred and answered the bill. The hearing was had on the bill, demurrer and answer and affidavits and evidence, *pro* and *con.* The injunction was granted, and defendant excepted.]