McCALLAM, administratrix, *vs.* CARSWELL.

1. The statute of limitations does not apply to a continuing executory trust unless the defendant has changed his relation to the real owner in reference to the property assigned to him, and has given notice, either direct or such as may be inferred by open and notorious acts, that he holds adversely and in hostility to the claim of the *cestui que trust*. But where a policy of insurance was transferred by an assignment absolute and unconditional on its face, in extinguishment of a debt which the assignor owed the assignee, and the latter gave the former the liberty of having the policy re-assigned to him, in the event he so desired, upon his paying the debt and the interest due thereon, together with the amount of premiums the assignee had to pay to prevent the policy from lapsing, and for this reason the assignee kept possession of the note evidencing the indebtedness to him, it was optional with the assignor whether he redeemed the policy or not, and for want of mutuality, neither one of the parties could have enforced a specific performance of the contract against the other. The assignee held the policy upon no special trust or confidence; his title to it became adverse when the assignment was made, and time began to run in his favor from that date.

2. Where a bill makes one case, and the proofs offered to sustain it make another and widely different case, so that there is no correspondence between the allegations and the evidence, but a variance, if not a direct repugnance, the bill will be dismiss on motion.

January 26, 1886.

Trusts and Trustees. Statute of Limitations. Contracts. Consideration. *Allegata* and *Probata*. Variance. Equity.

Before Judge LAWSON. Wilkinson Superior Court. April Term, 1885.

Emily E. McCallam, administratrix of the estate of Archibald McCallam, deceased, and Saulsbury, Respess & Company, judgment creditors of the same deceased, for themselves and such other creditors as might desire to be made parties, filed their bill against W. E. Carswell, alleging, in brief, as follows:

On May 17, 1870, McCallam insured his life in the American Life Insurance Company for $5,000, the semi-annual premium being about $150.00. This policy was taken out for the benefit of the creditors of the assured, and was made payable to his assigns for their benefit. Saulsbury, Respess & Company furnished the money to pay the premiums until about the 17th of November, 1873. The insured was indebted to Carswell about $1,000, and transferred the policy to him upon the promise that Carswell would pay over to the estate of the insured all the surplus remaining after the payment of the debt to Carswell, and the amounts the latter might have to pay as premiums, and that the assured might at any time pay Carswell what was due him on the debt and the amount of premiums expended, and Carswell would re-transfer the policy to him. The assured was then in very bad health, and only a few premiums would have to be paid; the policy was non-forfeitable and had a paid-up value of $1,200. Saulsbury, Respess & Company made the loans for the purpose of paying the premiums prior to the transfer, and believe they were so applied, but they were informed that the policy had lapsed, and were ignorant of the transfer to Carswell until about April or May, 1883. Carswell knew the terms and object of the policy and of the debt to Saulsbury, Respess & Company, which had been reduced to judgment when he took the policy. McCallam died about October, 1876, and on January 30, 1877, Carswell collected the $5,000 insurance in full. His

debt was not more that $1,800 or $2,000, and there remains in his hands about $3,200, to which he is not entitled, but which should inure to the creditors under the trust created for them. The prayer was that he be required to fulfill and discharge the trust and account for the balance in his hands, after paying what was due him.

The defendant demurred to the bill, and answered, denying that any trust was created for creditors, as claimed in the bill, and to the best of his knowledge and belief, denying that the debt to Saulsbury, Respess & Company was for money advanced to pay premiums. He also pleaded the statute of limitations.

Saulsbury, Respess & Company were stricken from the bill, and it proceeded in the name of the administratrix.

On the trial, the evidence for the complainant was, in brief, as follows: On May 17, 1870, McCallam took out a policy of insurance for $5,000, which was payable to his executors, administrators and assigns, and the premiums were paid on it. He was indebted to Carswell $1,000, and in 1873, he transferred this policy, by ordinary written assignment, to Carswell. In 1876, he died, and in January, 1877, Carswell collected the full amount of the policy, less $150.38, the last semi-annual premium which was due. He was not related to the assured. He had stated that the note was not given as collateral, but was assigned to him absolutely in payment of his note, but said he kept the note and did not surrender it, because it was understood that if McCallam should ever pay the note, Carswell would surrender the policy to him. He has never accounted to the administratrix.

On the close of the evidence for the complainant, the defendant moved to dismiss the bill because the cause of action was barred by the statute of limitations. The court held that no express trust was shown, and that, considered as an implied trust, the period of limitations applicable to to such a case was four years from the collection of the

money (not from demand), and not ten years. He dismissed the case, and the complainant excepted

J. W. LINDSLAY; E. F. BEST; GUSTIN & HALL, for plaintiff in error.

BILLUPS & HARDEMAN; J. G. OCKINGTON, for defendant.

HALL, Justice.

Upon the close of the complainant's evidence, the court on motion, dismissed the bill, and this, as it seems to us, was the proper disposition to make of the case.

1. The complainant by her pleadings made a case of a continuing, executory trust, to which the statute of limitations did not apply, unless the defendant had changed his relations to the real owner, in reference to the policy of insurance which had been assigned to him by complainant's intestate in his lifetime, and had given notice, either direct or such as was to be inferred by open and notorious acts, that he held it adversely and in hostility to the claim of the *cestui que trust. Scott vs. Haddock,* 11 *Ga.,* 259, (h. n. 6), 264, 265.

The assignment of the policy was absolute and unconditional, and no trust could be implied from its terms. The plaintiff's own evidence showed that the defendant took the assignment in extinguishment of a debt which her intestate owed him, and gave intestate the liberty of having the policy re-assigned to him, in the event he desired to do so, upon his paying the debt and interest due thereon, together with the amount of premiums the defendant had to pay to prevent the policy from lapsing, and for this reason defendant kept possession of the note evidencing intestate's indebtedness to him. It was entirely optional with intestate whether he redeemed the policy or not, and for want of mutuality neither one of the parties could have enforced a specific performance of this contract against the other. *Beall vs. Clark,* 71 *Ga.,* 818.

The defendant held the policy upon no special trust or confidence. No such relation existed between him and the assignor of the policy. His title to it became adverse when the assignment was made, and time began to run in his favor from that date. The right of action set up by complainant, if any such her intestate, or she as his legal representative, ever had, accrued then, and more than the statutory period having elapsed before the commencement of her suit, her right of action was barred, and the dismissal of her bill, upon this ground, was required.

2. But there was another ground upon which this result was inevitable. The bill made one case and the proof offered to sustain it another and widely different case. There was no correspondence between the allegations and evidence, but a variance, if not a direct repugnance.

Judgment affirmed.