### HARRISON *v.* WATKINS.

BECK, J. 1. H. died testate. In one item of his will a bequest was made in the following terms: "I leave in the hands of my son, Wm. T., one hundred dollars for the orphan child (Minnie Margaret) of my son John E., to be given her·when he thinks best." .The plaintiff· in error was named as executor, and duly qualified as such in the year 1877. No proceeding, until the present action was brought in 1905, was ever instituted to compel the defendant to exercise the discretion vested in him as to the payment of said legacy under the terms of the will, and no demand was made upon him for the payment of the same until 1904. *Held:* (a) Interest did not begin to run until the date of said demand. (b) And that date was the point at which the statute of limitations began to run as against the legatee.

2. It follows, from the above ruling, that it was error for the court, in instructing the jury as to the rule by which they were to be governed

in computing the interest, in case they found for the plaintiff, to give in charge section 3498 of the Civil Code.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

Submitted July 18, 1906.—Decided January 16, 1907.

Complaint.     Before Judge Holden.     Hancock superior court. January 1, 1906.

On January 17, 1905, Minnie Margaret Watkins brought an action against William T. Harrison, alleging, that the will of W. D. Harrison was duly probated on July 2, 1877, and contained the following bequest: "I leave in the hands of my son Wm. T. one hundred dollars for the orphan child (Minnie Margaret) of my son John E., to be given her when he thinks best;" that plaintiff is the child referred to therein; that the defendant has been in possession of the said $100 since July 2, 1877, receiving the use and profit thereon since that date, and has failed and refused to pay to plaintiff any part of it, though payment was demanded; and that the defendant is indebted to her the said sum with interest from July 2, 1877, compounded under the rule set out in the Civil Code, § 3498. It was alleged, by amendment, that the defendant was one of the executors of said testator, and that "demand has been made upon the said W. T. Harrison on several occasions, within the year immediately preceding the filing of the original petition in the above case, that he pay over to petitioner the said legacy and accrued interest thereon, and that there is no reason, either legal or equitable, why said legacy should not be paid  .  .  and said W. T. Harrison be required to exercise the discretion in said will given him, to pay 'when he thinks best,' and to make immediate payment of the same." An oral demurrer and motion to dismiss the petition, on the ground that it was barred by the statute of limitations, was overruled; and this is assigned as error. The defendant in his answer pleaded payment of the legacy. The evidence on this issue was conflicting. The jury found for the plaintiff $100 principal, and $391 interest. The defendant moved for a new trial, on the grounds that the verdict was contrary to law and the evidence, that the verdict was excessive in allowing interest prior to the date of the demand, and that the court erred in giving in charge section 3498 of the Civil Code. The overruling of the motion is assigned as error.

*R. H. Lewis,* for plaintiff in error.     *W. H. Burwell,* contra.