## GREEN, administratrix, *v.* HALL *et al.*

1. The motion to dismiss the writ of error, on the ground that two of the defendants in error were not served, is without merit; as one of them was served, and the other had no interest in the case.
2. The fact that a receiver in an equitable suit holds a fund decreed to belong to an estate which is represented in the case by an administrator will not authorize the court to order the receiver to pay out of such fund the claim of a general creditor of the estate, who has no lien of any character on the fund, nor any interest therein either legal or equitable.

No. 2260. JULY 15, 1921.

Equitable intervention. Before Judge J. B. Jones. Rabun superior court. August 26, 1920.

On April 1, 1903, W. J. Green and S. S. Hall purchased a described lot of land in Rabun county, and on April 3 gave their note to George L. Prentiss for $4500, which sum they borrowed from him to be used in paying for the land, and to secure the debt executed to him a mortgage on the premises. On the same day Green and Hall, for an expressed consideration of $4500, conveyed to Prentiss a one-third undivided interest in the land, subject to the mortgage. On February 4, 1904, a written agreement was executed between Green and Hall, as follows: " This agreement made this the fourth day of Feby., 1904, between W. J. Green of the County of Rabun, State of Georgia, party of the first part, and S. S. Hall of the County of Rabun, State of Georgia, party of the second part, witnesseth: That the party of the first part, for and in consideration that the party of the second part shall execute to the party of the first part a deed to his

one-third undivided interest in lot of land number 44 in the first land district in said county and State, agrees: 1. That as soon as said lot number 44 in said district and county, or any part thereof, may be sold, the proceeds shall be applied to pay off a certain mortgage note which George L. Prentiss holds against W. J. Green and S. S. Hall for the sum of four thousand and five hundred dollars. 2. After said note is fully paid off, the said party of the first part shall pay to the party of the second part, from the proceeds of said sale, one third of the amount left after paying off said note, and one third of all future amounts derived from said sale, until the party of the second part shall have received the amount of five thousand dollars, provided that in no event shall the party of the second part receive more than the said sum of five thousand dollars from the proceeds of the said sale." This agreement was signed under the hands and seals of the parties. On the same day Hall, for the expressed consideration of $15,000, conveyed by warranty deed, subject to the Prentiss mortgage, a one-third undivided interest in the land to Green. This deed recited: "the grantee agreeing to satisfy said mortgage from the proceeds of the sale of said lot number 44 and first district." On June 13, 1910, Prentiss transferred the note and mortgage to Henry Talmadge & Company, and on February 27, 1911, Talmadge & Company instituted statutory proceedings against Green and Hall to foreclose the mortgage. Green filed an answer setting up an equitable defense, in which he claimed, among other things, that in a settlement with Prentiss the latter had agreed to pay off the mortgage. Prentiss was thereupon made a party defendant. Hall filed no plea or answer. Green died pending the suit, and the administratrix of his estate, his widow, was made a party in his stead. On the trial, February 28, 1917, a verdict was rendered as follows: " We, the jury, find for the plaintiff, Henry Talmadge and Company, against the defendant George L. Prentiss as endorser and transferee [transferor] of the note sued on, the sum of forty-five hundred ($4,500.00) dollars principal, thirty-four hundred and thirty-four dollars and thirty-seven cents ($3,434.37) interest to date, seven hundred and ninety-three dollars and forty-four cents ($793.44) attorney's fees, with costs of suit. We further find that George L. Prentiss is the owner of one undivided one-half interest in the lands covered by

the mortgage sought to be foreclosed in this suit, and that said mortgage be foreclosed against said undivided one-half interest. We further find that the estate of W. J. Green is the owner of one undivided one-half interest in said land, which is not subject to the lien of said mortgage. We further find that Charles A. Rafter has no interest in said land." On the following day, and at the same term of the court, Hall presented his intervention setting up the contract between him and Green, which is quoted above, alleging that no part of the sum of $5000 due him thereunder had been paid, and that " inasmuch as all the parties as well as said property is now before the court in this case for an equitable adjustment of the rights of all the parties, he therefore prays that his lien be set up in the formation of the decree in this case, and that his said lien for the sum of $5000 be decreed as a purchase-money lien against the administratrix of said W. J. Green, and against said property, to be paid out of the proceeds of a sale of said W. J. Green's interest, and for such other relief as he may be entitled to in the premises. And further, that this case be kept open until after said sale." The court by order allowed the intervention, and ordered that the case be kept open until after the sale of the property and the final adjudication of the rights of the parties. Mrs. Green, administratrix, excepted pendente lite to the order granted on the intervention. On May 23, 1918, a decree was entered in accordance with the verdict. By agreement of counsel for all parties a receiver was appointed to sell the entire property, the interest of both plaintiffs and of Green's estate. Mrs. Green, the administratrix of the estate of her husband, was appointed receiver. The property was sold by the receiver in November 1919, for the sum of $15,000, and she received the proceeds of the sale. In August, 1920, Hall's intervention came on for trial, and the case was by consent submitted to the court for decision without a jury. The judge rendered a judgment in favor of Hall for $5000, less some deductions for costs, to be paid out of the sum of $7500, which was one half of the proceeds of the sale belonging to the estate of Green. Mrs. Green, as administratrix, excepted to the judgment, and assigned error also upon her exceptions pendente lite.

Defendants in error moved in this court to dismiss the writ

of error, on the ground that neither Prentiss nor Charles A. Rafter, both of whom were alleged to be substantial parties defendant, was served with the bill of exceptions, nor had they acknowledged service thereon.

R. E. A. Hamby and Thad. L. Bynum, for plaintiff in error.

McMillan & Erwin, contra.

FISH, C. J. (After stating the foregoing facts.)

1. The motion to dismiss is without merit, as Prentiss, a non-resident, appears to have been served as provided in the Civil Code (1910), § 6161. And it was decided in Rafter v. Talmadge, 147 Ga. 407 (94 S. E. 229), that Rafter had no interest in the subject-matter of this litigation.

2. A vendor has no equitable lien for the purchase-money of lands in this State. Civil Code (1910), § 3373. Hall, under the terms of the contract he had with Green, at the time he conveyed to the latter his one-third interest in the land in question had no lien either at law or in equity on the land or the proceeds of the sale thereof by Green. Nor did he have any interest or claim to the land, equitable or otherwise, nor in the proceeds of its sale. He conveyed his entire interest in the property to Green, with warranty of title, except as to the Prentiss mortgage, in consideration that Green was to pay him one third of the proceeds of the sale of the land, provided the amount to be paid should not exceed $5000. Hall held merely a written obligation against the estate of Green, as evidenced by the contract. The court erred in adjudging that the receiver should pay to Hall the amount of his claim out of the fund in the hands of the receiver belonging to Green's estate. Spence v. Solomons Co., 129 Ga. 31 (58 S. E. 463). See also Atlanta & Carolina Ry. Co. v. Carolina Portland Cement Co., 140 Ga. 650 (79 S. E. 555); Gartrell v. McCravey, 144 Ga. 249 (86 S. E. 932). The administratrix of that estate was entitled to such fund, and the fact that she was the court's receiver did not deprive her of the right to have the fund awarded to her to be administered by her as administratrix. The matter stands exactly, in this respect, as if another had been the receiver, and she as administratrix were contending for the fund. Equity will not interfere with the regular administration of estates upon an application of any person interested therein or

having a claim against it, except where there is danger of loss or other injury to his interests. Civil Code (1910), § 4596.

*Judgment reversed. All the Justices concur.*