BUTLER *v.* FLOYD, administratrix.

JENKINS, Justice. 1. "Equity will not interfere with the regular administration of estates . . upon application of any person interested in the estate [except] where there is danger of loss or other injury to his interests." Code, § 37-403. "To authorize such interference the facts must very clearly show there is a good reason for so doing." *Moody* v. *Ellerbie*, 36 *Ga.* 666; *Mayo* v. *Keaton*, 54 *Ga.* 496; *Powell* v. *Quinn*, 49 *Ga.* 523; *Jones* v. *Parker*, 60 *Ga.* 500 ·(3), 504; *Thompson* v. *Orser*, 105 *Ga.* 482 (30 S. E. 626) ; *McArthur* v. *Jordan*, 139 *Ga.* 304, 307 (77 S. E. 150) ; *Morrison* v. *McFarland*, 147 *Ga.* 465 (3, 4) (94 S. E. 569) ; *Smith* v. *Garrison*, 155 *Ga.* 260 (116 S. E. 599).

2. Where bond has been given by an administrator in the usual course of administration proceedings, as required by statute (Code, § 113-1217), the ordinary remedy of a creditor of the estate, after failure by the administrator to pay the obligation in ·due course, and after compliance by the creditor with preliminary statutory procedure, is a suit upon the bond. Code, §§ 113-1219, 113-1220, 113-1505, 113-1507, 113-2101, 113-2104. Such a suit against the administrator and the securities on the bond usually affording an adequate remedy at law, it is generally unnecessary to resort to equity for the collection or protection of the claim. See *Sapp* v. *Williamson*, 128 *Ga.* 743, 752 (58 S. E. 447).

3. The statute precluding suits against administrators to recover on debts due by decedents until the expiration of twelve months from the ·qualification of such representatives (Code, § 113-1526), unless this provision is expressly or impliedly waived by the representative (*Hill* v. *Julian*, 119 *Ga.* 607, 46 S. E. 834; *Emmett* v. *Dekle*, 132 *Ga.* 593 (2), 64 S. E. 682; *Morrison* v. *Hilburn*, 126 *Ga.* 114 (3), 54 S. E. 938; *Baker* v. *Shephard*, 30 *Ga.* 706 (2) ; *Almond* v. *Mobley*, 40 *Ga. App.* 305 (4), 149 S. E. 293; *Leath* v. *Hardman*, 43 *Ga. App.* 270, 158 S. E. 453), has no application to a suit for injunction;· but it does apply to a suit to recover on a! debt ·against an administrator in ·his· representative capacity, and to establish and fasten such liability against the estate. *Lester* v. *Stephens*, 113 *Ga.* 494 (4), 500 (39 S. E. 109) ; *Pickron* v. *Pickron*, 147 *Ga.* 657, 661 (3) (95 S. E. 238).

4. The instant equitable petition, by one claiming as assignee under an oral assignment by the decedent of ·a life-insurance policy, against the administratrix of an estate in her representative capacity, sought both

an injunction against any disposal or distribution of the assets of the estate by the administratrix, and a judgment for $290, the amount of the policy, against the defendant in her representative capacity. While the petition alleged that the defendant was "an irresponsible person, without property," there was no averment to show that the plaintiff was not fully protected by a bond filed in usual course by the administratrix, as required by law. The petition showed on its face that it was filed less than five months after the death of the decedent. The court dismissed it upon general demurrer, for the reason assigned that "the plaintiff has an adequate remedy at law." In so far as the petition sought the extraordinary remedy of injunction, the dismissal for the reason stated was proper. In so far as it sought a judgment against the estate, the petition being premature, its dismissal for this additional reason was proper.

*Judgment affirmed. All the Justices concur.*

RUSSELL, Chief Justice, concurs in the judgment of affirmance, on the ground that it plainly appears that the petition is premature and for that reason was properly dismissed, without considering at this time whether the petition was subject to dismissal on the additional ground that the plaintiff had an adequate remedy at law.

No. 11795. MAY 18, 1937.

*Emanuel Kronstadt* and *B. H. Levy*, for plaintiff.
*Luther H. Zeigler*, for defendant.