STROUP *v.* IMES, executor, *et al.*

No. 12024.   FEBRUARY 15, 1938.

*J. C. Bowden,* for plaintiff.

*H. E. Edwards* and *G. B. Walker,* for.defendants.

JENKINS, Justice.   The plaintiff excepted to the dismissal, on general and special demurrer, of his petition as amended, which, in addition to averments hereinafter indicated, alleged: that the plaintiff was left by a probated will one ninth of an estate, now amounting to $9,000 realized from sales; that he was further due $585 as a debt for services to the testator; that he owed to the two defendant executors the purchase-price of land of the estate, bought from them, $1,385 less $16.50 paid in cash; that such price was covered by his share of the estate, due to him by the executors, $1,585; that he owed nothing on the land, but the estate was indebted to him $216.50; that the executors "are and have been taking of the corpus of the estate and paying their own private debts therewith, also they have paid certain other heirs;" that "these defendants and each of them are totally and wholly insolvent;" that they "were not required under said wills to give bond;" that they are "extremely hostile, bitter, and uncommunicative to him, and for that reason he has been unable to see the books, papers, and accounts of these defendants;" that it is "necessary that these defendants account to your petitioner for his interest in the corpus of said estate, and pay over to him the balance due him thereunder;" and he "now requests a full and complete accounting and rendition of their stewardship . . that he may know how the affairs of the estate stand, which under the law he has a perfect right to know."   While it was alleged that the plaintiff, *"as was his right to do,* bought of said estate" the described land, "paying therefor the sum of $1,385, paying then and there $16.50 cash and executing papers in which he agreed that

the balance due was to be taken out of his interest in said estate and what the estate was due him for services" to the testator, as alleged, and that the amounts due him aggregate more than the purchase-price of the land, there was an averment denying that he executed the security deed and the notes under which the executors were proceeding. There was nothing in the demurrers of the executors to the petition, attacking or questioning the quoted averment as to the legal right of the plaintiff to buy the land on the alleged terms stated under the provisions of the will, and there was no contention under the pleadings that such a sale by the executors was unauthorized by the will. The court dismissed the action on the grounds that no cause of action was alleged, and that there was an adequate remedy at law; and on grounds of special demurrer which in effect elaborated the general grounds by attacking particular paragraphs as failing to show facts which would authorize an accounting or injunctive relief, or to show why a court of equity should take jurisdiction.

1. "A general demurrer to a petition will not be sustained if the facts entitle the plaintiff to any of the substantial relief prayed." *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (4) (151 S. E. 5), and cit.; *Shingler* v. *Shingler,* 184 *Ga.* 671 (192 S. E. 824), and cit.

2. A superior court has no power, on the equitable petition of a legatee under an alleged true but unprobated will, to set aside a previous judgment of a court of ordinary probating another will, except for "fraud, accident, or mistake" (Code, § 37-219); or to determine which of the two alleged wills was the true will of the decedent; or to determine whether the probated will was wholly invalid; or to give effect to alleged rights of the petitioner under the unprobated will. See *Trustees of the University of Ga.* v. *Denmark,* 141 *Ga.* 390 (2-a, b), 399-401 (81 S. E. 238); *Tudor* v. *James,* 53 *Ga.* 302; *Elliott* v. *Johnson,* 178 *Ga.* 384-387 (173 S. E. 399), and cit.; *Turner* v. *Holbrook,* 145 *Ga.* 603 (89 S. E. 700); *Hamilton* v. *Bell,* 161 *Ga.* 739 (132 S. E. 83), and cit. In the instant petition it does not appear whether the judgment of the court of ordinary sought to be attacked was a probate in solemn form or common form. If the former, the remedy was a caveat in the court of ordinary. If the probate was merely in common form, the usual procedure would have been "to make application to the ordinary for citation to issue, calling on the

propounder to prove the will in solemn form;" and if such probate was refused, the effect would have been to set aside the previous probate. *Hooks* v. *Brown,* 125 *Ga.* 122, 130 (53 S. E. 583); *Johnson* v. *Ellis,* 172 *Ga.* 435 (4) (158 S. E. 39). Under these rules, the petition failed to state grounds which would authorize the setting aside of the probate. The petition was insufficient for such purpose, for the additional reason that under the averments the plaintiff would be estopped from asking such relief, since he, as one of the heirs and legatees in the probated will, acquiesced in sales thereunder of the properties of the estate by the defendant executors, in which sales he participated by purchasing part of the lands, under an agreement to make partial payment from his share under the will, and he thus took and has retained the property without any offer to restore the status quo. See *Medlock* v. *Merritt,* 102 *Ga.* 212 (29 S. E. 185); *Branson* v. *Watkins,* 96 *Ga.* 54 (23 S. E. 204); *Gay* v. *Sanders,* 101 *Ga.* 601 (28 S. E. 1019).

3. "A court of equity has concurrent jurisdiction over the settlement of accounts of administrators; and a proceeding in equity for such settlement is not an interference with the regular administration of the estate," within the meaning of the Code, § 37-403. *Terry* v. *Chandler,* 172 *Ga.* 715 (3), 721 (158 S. E. 572); *Clements* v. *Fletcher,* 154 *Ga.* 386 (4) (114 S. E. 637).

4. Equity also has jurisdiction to actually interfere with the regular administration of estates upon application of any person interested in the estate where there is danger of loss or other injury to his interests. Code, § 37-403; *Butler* v. *Floyd,* 184 *Ga.* 447 (191 S. E. 460), and cit.

5. Under the rulings in the preceding divisions of this opinion, since the petition set forth that the executors had given no bond, were totally insolvent, had not paid the plaintiff the amount due him from the estate, but had paid other heirs, these averments and the prayer for an accounting were not subject to demurrer. Since the petition further alleged that the executors were threatening to sell, under a power of sale in a pretended but disputed security deed from the plaintiff to the defendant executors, embracing land of the estate purchased by the plaintiff from them under an agreement that the debt would be paid out of his interest in the estate, that such debt was covered by the amount due to the plaintiff from the estate, leaving him a balance due, and that he owed nothing

on the purchase-price of the land, these averments and the prayer for an injunction also were not subject to demurrer.

6. The amended petition showing a cause of action as to the two grounds last stated, it was error to dismiss the petition on general demurrer and special demurrers elaborating the general grounds. *Judgment reversed. All the Justices concur.*