WILCOX v. THOMAS, administratrix, *et al.*

ATKINSON, Presiding Justice. ■ Upon the death of the owner of any estate in realty, which estate survives him, the title vests immediately in his heirs at law, subject to be administered by the legal representative, if there is one, for the payment of debts and the purposes of distribution. Code, § 113-901.

2. If at any time it shall become necessary, for the payment of the debts of the estate or for the purpose of distribution, to sell the land of the decedent, the administrator shall, by written petition, apply to the ordinary for leave to sell, notice of which application to be published once a week for four weeks before hearing; and if the ordinary is satisfied of the truth of the allegation in the petition, an order shall be passed granting the leave to sell. Code, § 113-1706.

3. This order is in effect an adjudication that it is necessary for the land to be administered for one or the other or both of the purposes indicated, and operates to intercept the devolution of the title into the heirs. Compare *Stuckey* v. *Watkins,* 112 *Ga.* 268 (2) (37 S. E. 401, 81 Am. St. R. 47); *Oliver* v. *Powell,* 114 *Ga.* 592 (3) (40 S. E. 826); *Lester* v. *Toole,* 20 *Ga. App.* 381 (2), 386 (93 S. E. 55). The words "authority to sell," appearing in the Code, § 113-1720, in the clause, "To divest the title of the heir at law, the administrator shall have authority to sell," refer to the order of the ordinary granting leave to the administrator to sell. See *Copelan* v. *Kimbrough,* 149 *Ga.* 683, 686

(102 S. E. 162) ; *Isom* v. *Nutting*, 153 *Ga.* 682, 687 (113 S. E. 197) ; *Robinson* v. *Smith*, 159 *Ga.* 269, 275-6 (125 S. E. 593).

4. Such a judgment of the ordinary, granted after citation duly published, is prima facie evidence of the necessity of the realty being sold by the administrator in order to be administered by him. *Park* v. *Mullins*, 124 *Ga.* 1072 (53 S. E. 568).

5. Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests. Code, § 37-403; *Morrison* v. *McFarland*, 147 *Ga.* 465 (4) (94 S. E. 569) ; *Beck & Gregg Hardware Co.* v. *McKenzie*, 149 *Ga.* 699 (101 S. E. 806). The petition in the instant case sets forth no facts sufficient to justify the court of equity in interfering.

6. It was not error to refuse to enjoin the sale, or to grant any of the other of the extraordinary relief prayed, regardless of whether or not plaintiff in error showed any right to participate in the estate of the decedent. *Judgment affirmed. All the Justices concur.*

No. 13440. December 3, 1940.

*A. E. Wilson* and *F. L. Breen,* for plaintiff.
*W. O. Slate* and *H. C. Denton,* for defendants.