MANRY *v.* MANRY *et al.,* executors.

366

No. 14592.   July 8, 1943.

*Jesse J. Gainey,* for plaintiff.

*R. R. Jones* and *Joe M. Ray,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.)

■ The demurrer on the ground that the plaintiff should have brought his action in the court of ordinary, instead of bringing the same in a court of equity, is without merit. Upon application of any person interested in the estate, where there is danger of loss or other injury to his interest, under the Code, § 37-403, a court of equity will entertain jurisdiction. This section must be construed with § 113-2203, which declares that "a court of equity shall have concurrent jurisdiction with the ordinary over the settlement of accounts of administrators." The same rule has been applied to executors, as will appear from citations to follow. The jurisdiction of a court of ordinary and a court of equity in respect to bringing proceedings against an executor or administrator for an accounting and settlement is co-ordinate and equal. If the court of ordinary has first taken jurisdiction of such proceeding, that court will retain it, unless good reason can be given for the interference of equity. *Terry* v. *Chandler,* 172 *Ga.* 715 (3) (158 S. E. 572); *Clements* v. *Fletcher,* 154 *Ga.* 386 (114 S. E. 637); *Howard* v. *Boone,* 170 *Ga.* 156 (152 S. E. 462); *Darby* v. *Green,* 174 *Ga.* 146 (162 S. E. 493); *Stroup* v. *Imes,* 185 *Ga.* 422 (195 S. E. 411); *Robinson* v. *Georgia Savings Bank & Trust Co.,* 185 *Ga.* 688 (196 S. E. 395). It does not appear from the allegations of the petition in the instant case that the court of ordinary had assumed jurisdiction as to any relief for which the petition prayed. Accordingly the suit was properly in a court of equity.

■ One question for decision is whether the action was barred by the statute of limitations. The Code, § 3-709, declares: "All actions against executors, administrators, guardians, or trustees, except on their bonds, shall be brought within 10 years after the right of action shall have accrued." The action in the instant case was not on any bond, and consequently the period of limitations was ten years after the right of action accrued. It was alleged that the executors held the property until November 3, 1936, at which time it was sold. The petition was filed within six years of that date. In *Citizens & Southern National Bank* v. *Ellis,* 171 *Ga.*

717 (3), 731 (156 S. E. 603), it was held: "As long as a person who is in possession of the property of another, using the same for the owner's benefit, recognizes the latter's ownership, no lapse of time will bar the owner from asserting his title as against the person in possession. Before any lapse of time will be a bar to the owner, it must appear that the person in possession has given notice, or there must be circumstances shown which would be equivalent to notice to the owner, that the person in possession claims adversely to him. In such a case the statute will begin to run from the date of such notice. Until the owner has such notice, he has the right to treat the possession of the other person as his own." See *Grant* v. *Hart*, 192 *Ga.* 153 (8) (14 S. E. 2d, 860); *Murray County* v. *Pickering*, 195 *Ga.* 182 (3) (23 S. E. 2d, 436).

In item 4 of the will in the instant case the testator directed that the executors "reduce all the residue" of the "estate into money," to be equally divided into twelve shares, but did not specify any time within which the residue should be sold. Whether such a provision would be so construed as to vest the executors with discretion as to when the residue should be reduced to money, or whether the testator contemplated that it should be done within a year following the qualification of the executors, so that a legatee could require a settlement within a year as provided in the Code, § 113-2201, need not here be determined. So long as the executors held the title and possession of the estate, as such, it was a continuing executory trust, and the bar of the statute of limitations does not run against such a trust until its termination or repudiation. *McCallam* v. *Carswell*, 75 *Ga.* 25; *Harrison* v. *Watkins*, 127 *Ga.* 314 (56 S. E. 437); *Thornton* v. *Jackson*, 129 *Ga.* 700, 702 (59 S. E. 905).

■ Another question is whether the petition is subject to demurrer in so far as it seeks to recover rents collected by the executors in their representative capacity. In the case of an administrator, it was held in *Jones* v. *Wilson*, 195 *Ga.* 310 (5) (24 S. E. 2d, 34), that "Where an administrator is granted leave to sell the land of the estate for the purpose of paying debts and distribution, he may collect rents accruing afterwards, and he and his sureties may be held liable therefor on his bond." In the instant case the executors were directed under the will to "reduce all the residue" of the "estate into money." Until this was done

there could be no distribution of the estate, nor could there be any assent of the executors to the legacy. Where the executors rented the land and collected rents for many years, they did so as trustees for the legatees. In *Peck* v. *Watson*, 165 *Ga.* 853 (5) (142 S. E. 450, 57 A. L. R. 560), it was held: "Executors are trustees for legatees and devisees until they assent to their legacies and devises and turn the same over to the legatees and devisees." Applying these principles, the petition was not subject to demurrer in so far as it sought to recover rents from the executors in their representative capacity.

■ While the action was not barred by the statute of limitations (as ruled above), was the petition subject to demurrer on the ground that it showed on its face that the plaintiff was guilty of laches? Laches is an equitable defense, and a petition for equitable relief is not subject to demurrer on the ground of laches, unless the allegations of fact affirmatively show such defense. *Hadaway* v. *Hadaway*, 192 *Ga.* 265, 269 (14 S. E. 2d, 874). "There is no absolute rule as to what constitutes laches or staleness of demand, and no one decision constitutes a precedent in the strict sense for another. Each case is to be determined according to its own particular circumstances. . . Laches is not, like limitations, a mere matter of time, but principally a question of the inequity of permitting the claim to be enforced, an inequity founded on some intermediate change in conditions." *Miller* v. *Everett*, 192 *Ga.* 26, 34 (14 S. E. 2d, 449), and cit. The allegations of fact in the instant case do not show that the delay would preclude the court from arriving at a safe conclusion as to the truth of the matters in controversy, and thus make the doing of equity either doubtful or impossible, due to loss or obscuration of evidence of the transaction in issue. On the contrary, both of the executors are living. They made their last sale of property of the estate in 1936. They are, so far as the record shows, able to answer any questions about the estate, or any charge that is brought against them in regard to it. The petition was not subject to demurrer on the ground that it showed on its face that the plaintiff was guilty of laches.

■ An advancement differs from a debt in that there is no enforceable liability on the part of the child to repay during the lifetime of the donor or after his death, except in the way of suffering

a deduction in his portion of the estate. *Robinson* v. *Ramsey,* 161 *Ga.* 1, 6 (129 S. E. 837). The plaintiff was not required to pay to the executors the amount of the advancement with which he was charged in the will before he could claim his legacy, but he would have to suffer a deduction in his part of the estate. He admitted the advancement, and further that the other heirs would receive approximately $42,000 before he would be entitled to anything. The petition was not subject to demurrer- on the ground it failed to show that the plaintiff had accounted for the advancement made to him.

■ The grounds of demurrer in regard to a copy of the will being attached, and what disposition was made of the estate, were met by amendment. The allegation in paragraph 12, that after deducting all sums which the executors are entitled to credit against petitioner they are chargeable with a total balance of $38,451.10, was not a conclusion of the pleader, but an allegation of fact. The petition alleged that the appraised value of the estate, together with rents and sale of timber, aggregated $155,451.10, while the debts, plus interest and taxes, together with the $42,000 allowed to other legatees because of the advancement to plaintiff, came to $117,000, thus leaving a balance of $38,451.10 as stated in paragraph 12. However if the inventory of $59,451.10 did include $18,000 of the rents already collected at the time of making the inventory, as insisted by counsel for the defendants, the result would be as follows:

Credits

| | |
|---|---|
| Inventory | $ 59,451.10 |
| Rent for 12 years | 72,000.00 |
| Sale of timber | 6,000.00 |
| Total | $137,451.10 |
| Necessary deductions, debts, taxes, and interest.. | 75,000.00 |
| Advancement | 42,000.00 |
| Total | $117,000.00 |
| Credits, less deductions, leave | $ 20,451.10 |

to be accounted for. The petition showing such balance alleged a cause of action for accounting and settlement. The court erred in sustaining the demurrer and in dismissing the action.

372

*Judgment reversed. All the Justices concur, except Duck-worth, J., who dissents.*

BELL, Presiding Justice, and JENKINS and GRICE, Justices. We concur generally in the opinion as delivered, except that as to the first division we qualify our concurrence as follows: Whether or not *Ewing* v. *Moses,* 50 *Ga.* 264 (4), was correctly decided on principle, we regard it as a controlling precedent in the instant case; and for this reason we concur in the conclusion reached in the first division, without committing ourselves on the question whether equity, under correct principles, though having concurrent jurisdiction with the court of ordinary in such case, should yet decline to exercise it where there are no peculiar or special facts such as would render an accounting in the court of ordinary inadequate for some reason. Although the decisions are not harmonious, there may be, among the various cases, others besides *Ewing* v. *Moses,* that would be equally binding; but it is unnecessary here to appraise other adjudications, since that decision alone, as we view it, determines the question as now presented. Code, § 6-1611. Nor is it necessary here to consider stare decisis. See special concurrence in *Robinson* v. *Georgia Savings Bank &c. Co.,* 185 *Ga.* 688, 701 (196 S. E. 395), and comments in *Matson* v. *Crowe,* 193 *Ga.* 578 (4), 584 (19 S. E. 2d, 288).

The decision in the instant case accords with the views of Justice Jenkins as expressed in the *Robinson* case; but he thought then, as he does now, that the previous adjudications were controlling, and he now joins Justices Bell and Grice in wishing to withhold commitment upon the question of their soundness.