SPENCE *v.* BROWN, administratrix, *et al.*

No. 15021.   NOVEMBER 22, 1944.

568

570

George R. Jacob and Spence & Spence, for plaintiff.

John Andy Smith and R. S. & C. W. Foy, for defendants.

WYATT, Justice. ■ The plaintiff in error in her brief construes the petition now under consideration to be a petition "seeking to quiet title to land and enforce a specific performance of a contract for the delivery of a deed to land, which deed had been deposited in escrow with the defendant John Andy Smith to secure the payment of $35.50 court costs and law fees; and also for the purpose of compelling a settlement in equity of the estate of W. S. Gorman, . . . and for general equitable relief." Dealing with the petition as it is dealt with by the plaintiff in error, was there error in sustaining a general demurrer and dismissing the petition? Was the petition good as a proceeding "to quiet title to lands?" The petition makes no effort to describe any land, but simply says "certain lands and interests in lands which had been the property of the deceased intestate." This language describes no land or real estate, and the petition must therefore fall as a proceeding "to quiet title to land." It further appears from the petition that the deed under which the plaintiff claims was held in escrow by John Andy Smith. "Delivery of a deed to another, to be delivered on certain conditions to the grantee, is in escrow. Code, § 29-105. But the second delivery by the escrowee to the

grantee, and not the first by the grantor to the escrowee, is the one rendering the conveyance valid and complete and under which title passes." *Foy* v. *Scott,* 197 *Ga.* 138 (28 S. E. 2d, 107). The petition therefore shows that, had the property been properly described, the plaintiff had no title to it and could not maintain a petition "to quiet title."

■ Can the petition be maintained as a proceeding in equity to recover from the defendant John Andy Smith possession of a deed held by him in escrow? "For the recovery of personal property wrongfully withheld the common-law actions of detinue or replevin or analogous proceedings at law under the codes, generally afford an adequate remedy. Accordingly, equity will not, when such remedies are available, take jurisdiction for the sole purpose of decreeing a delivery of chattels." 30 C. J. S. 355, § 29. The escrow deed certainly is personal property, and the plaintiff has an adequate remedy at law for the recovery of the possession of the deed.

■ Can the petition be maintained "for the purpose of compelling a settlement in equity of the estate of W. S. Gorman?" A court of equity has concurrent jurisdiction with the ordinary over the settlement of accounts of administrators. Code, § 113-2203. This court is committed to the proposition that a suit in equity for accounting may be maintained against an administrator, notwithstanding the fact that the court of ordinary may require an accounting, so long as no actual proceeding for an accounting has been instituted in the court of ordinary. *Ewing* v. *Moses,* 50 *Ga.* 264; *Strickland* v. *Strickland,* 147 *Ga.* 494 (94 S. E. 766); *Clements* v. *Fletcher,* 154 *Ga.* 386 (114 S. E. 637); *Calbeck* v. *Herrington,* 169 *Ga.* 869 (152 S. E. 53); *Stroup* v. *Imes,* 185 *Ga.* 422 (195 S. E. 411); *Manry* v. *Manry,* 196 *Ga.* 365 (26 S. E. 2d, 706). Therefore, if the petition in this case can be construed to be a petition in equity for accounting, it should not have been dismissed on general demurrer, provided it appeared that there was no proceeding for accounting in the court of ordinary. The petition is silent on that subject.

There is another section of our Code reading as follows: "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon

application of any person interested in the estate where there is danger of loss or other injury to his interests." § 37-403. Applying this section of the Code, this court in a number of cases has laid down the rule that equity will not interfere with the regular administration of estates, unless the necessity for so doing is made clearly to appear. *Powell* v. *Quinn,* 49 *Ga.* 523; *Walton* v. *Reid,* 148 *Ga.* 176 (96 S. E. 214); *Hobby* v. *Ford,* 149 *Ga.* 176 (99 S. E. 624); *McKinney* v. *Powell,* 149 *Ga.* 422 (100 S. E. 375); *Green* v. *Hall,* 151 *Ga.* 728 (108 S. E. 42); *Lefkoff* v. *Sicro,* 189 *Ga.* 554 (6 S. E. 2d, 687, 133 A. L. R. 738).

The present state of the law, as these two Code sections have been construed and applied, is this: A court of equity will entertain a petition for accounting against an administrator, if no proceedings for accounting have been instituted in the court of ordinary. A court of equity will not otherwise interfere with the regular administration of estates, unless such interference is necessary or proper for the full protection of the rights of the parties at interest; and to authorize such interference, the facts must clearly show that there is a good reason for so doing. The petition in this case alleges no wrongdoing on the part of the administratrix as such, but by inference alleges a failure on her part to carry out an agreement made in her individual capacity. There is no allegation of danger of loss or other injury to the interest of the plaintiff as an heir to the estate. There is not even an allegation as to any demand made upon the administratrix for settlement. The prayer of the petition on this subject is as follows: "That the court of equity take jurisdiction of said estate of W. S. Gorman, to the end that the same may be settled in terms of the law and distributed to the heirs." We can not construe the petition in this case to be one for accounting. It amounts to nothing more than an attempt to transfer the regular administration proceedings from the court of ordinary to a court of equity without alleging any good reason in equity for so doing.

■ The petition was fatally defective and was properly dismissed on general demurrer, for the further reason that the allegations failed to establish the fact that the plaintiff has any standing in a court of equity for any relief. Her right to recover, as to all relief sought, is based upon an alleged agreement made with her sister, the administratrix, by the terms of which they agreed

to receipt the estate in the amount of the purchase-price of the land as against alleged claims that each held against the estate. They certainly could not enter into any such agreement unless all other creditors of the estate of equal rank with them had been paid. This the petition failed to allege. There was an allegation that all claims of superior dignity had been paid, but the petition is silent as to the claims of equal dignity.

■ Error is assigned upon the failure of the trial judge to allow an amendment to the petition. The bill of exceptions recites that the amendment was tendered on the same day that the order sustaining the general demurrers was signed, after the order had been signed, but before it had been filed in the clerk's office. The trial judge, in the order refusing to allow the amendment, recites that the general demurrers had been sustained and the petition dismissed before the amendment was presented, and for that reason the amendment was disallowed. The plaintiff in error contends that it was error on the part of the trial judge to refuse to allow the amendment under these circumstances. *Frazier* v. *Beasley,* 186 *Ga.* 861 (199 S. E. 194) ; *Grogan* v. *Deraney,* 38 *Ga. App.* 287 (143 S. E. 912) ; *Schofield's Sons Co.* v. *Vaughn,* 40 *Ga. App.* 568 (150 S. E. 569) ; *Dabney* v. *Benteen,* 35 *Ga. App.* 203 (132 S. E. 916) ; and *Deen* v. *Baxley State Bank,* 192 *Ga.* 300 (15 S. E. 2d, 194) ; are cited and relied upon as authority for this position. These cases simply hold that a judgment may be modified or set aside at the trial judge's discretion until the end of the term, and that the discretion is not arbitrary. The demurrers were set down for argument on July 21, and after argument counsel were given additional time to file briefs, and did file briefs. The order sustaining the general demurrers was not signed until August 2. Under these circumstances, we can not say that the trial judge abused his discretion in refusing to allow an amendment to the petition tendered to him on August 2, after he had signed the order sustaining the general demurrers, but before the order had been filed in the clerk's office.

From what has been said above, it appears that there was no error in sustaining the general demurrers and dismissing the petition. *Judgment affirmed. All the Justices concur.*