## KELLEY *et al. v.* CROMER, administrator, *et al.*

CANDLER, Justice. The petitioners sought an injunction against J. R. Cromer to restrain him from selling, as administrator, an undivided half interest in a tract of land in Franklin County, owned by the estate of Mrs. Lexie Cromer. By the petition it was alleged that the plaintiffs and defendants are the sole heirs at law of Mrs. Lexie Cromer, who during her life was the wife of defendant J. R. Cromer and mother of the other parties; that Mrs. Cromer died intestate on November 27, 1943, and J. R. Cromer was appointed and qualified as administrator of her estate; that he had obtained an order from the Court of Ordinary of Franklin County, authorizing him as administrator to sell the undivided half interest in the land; that the other undivided half interest is claimed by the defendant Cromer under a deed of conveyance from Mrs. Cromer, dated September 4, 1937, and recorded May 26, 1945, but that the petitioners did not know of the conveyance until after the death of their mother and until it was recorded; and that such deed is void because, being a contract for bargain and sale by a wife of her separate estate to her husband, it should have been approved by the judge of the Superior Court of Franklin County, and void for the fur-

ther reason that Mrs. Cromer did not possess sufficient mental capacity at that time to execute a deed of conveyance. It was further alleged: That the property was being advertised for sale and would be sold on the next regular sale day unless the administrator was enjoined, that a sale of the undivided half interest in the land should not be had, because (a) the sale of the estate's undivided interest by the administrator, when he owned the other half would not be advantageous, desirable, or profitable, (b) a multiplicity of suits would be avoided, (c) the interest of the administrator as an individual is adverse to that of the estate he represents, and (d) the administrator, being both an heir and cotenant, is in a position of peculiar advantage and can and will chill and suppress bidding. The prayers were: (a) That the deed from Mrs. Cromer to J. R. Cromer be cancelled; (b) that title for the entire tract be decreed to be in the heirs at law of Mrs. Cromer, share and share alike; (c) that J. R. Cromer be restrained and enjoined from selling the undivided half interest in the lands to which the estate then had title; (d) that the real estate be partitioned by a sale by partitioners appointed by the court and under such terms as the court may direct; (e) for process and general relief. The defendants by a rule nisi were ordered to show cause on June 8, 1946, why an interlocutory injunction should not be granted as prayed. They made no appearance and offered no evidence. On the hearing for a temporary injunction, the petition, which was positively verified, was tendered as an affidavit. The plaintiff, Mrs. Robbie Kelley, tendered an additional affidavit in support of the petition. On June 8, 1946, the court passed an order denying the interlocutory injunction, but granted a supersedeas upon condition that a bond of $100 be given, which was done. The plaintiffs excepted. *Held:*

1. "Upon the death of the owner of an estate in realty, which estate survives him, the title shall vest immediately in his heirs at law, subject to be administered by the legal representative, if there is one, for the payment of debts and the purposes of distribution." Code, § 113-901. Since neither the petition nor the evidence shows that the estate owed no debts, it may be presumed that the sale here was being made for the purpose of paying debts.

2. An order granted by the court of ordinary authorizing an administrator to sell any interest in land belonging to the estate he represents is not only leave to sell, but is a judgment of a court of competent jurisdiction that such sale will be for the benefit of the heirs and creditors, and it will be presumed in favor of such judgment that the court did its full duty. *Roberts* v. *Martin,* 70 *Ga.* 196; *Thomas* v. *Couch,* 171 *Ga.* 602, 610 (156 S. E. 206); *Wilcox* v. *Thomas,* 191 *Ga.* 319 (3) (12 S. E. 2d, 343).

3. "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests." Code, § 37-403; *Mayo* v. *Keaton,* 54 *Ga.* 496. To authorize such interference, the facts must clearly show a good reason for so doing. *Butler* v. *Floyd,* 184 *Ga.* 447 (191 S. E. 460), and the cases there cited. See also *Spence* v. *Brown,* 198 *Ga.* 566, 572 (32 S. E. 2d, 297), and citations.

4. "The grant or refusal of an injunction is largely in the discretion of the judge, and unless he has abused that discretion, this court will not interfere." *Jordan* v. *Gaulden,* 73 *Ga.* 191. "The judges of the superior court, in the exercise of their chancery powers, can not be too careful in granting injunctions to restrain judgments obtained at law." *Barnesville Savings Bank* v. *Respess,* 73 *Ga.* 103. The judgment here sought to be restrained was one adjudicating that it was necessary to sell land either for the purpose of paying debts or for distribution, or both.

5. Applying the foregoing well-established principles of law to the facts in the instant case, it can not be said as a matter of law that the trial judge abused the discretion vested in him, by refusing to grant an interlocutory injunction. *Judgment affirmed. All the Justices concur.*

No. 15590. OCTOBER 9, 1946.

*Denver Porterfield* and *R. Howard Gordon,* for plaintiffs.
*J. T. Sisk* and *George A. Adams,* for defendants.