18692. RAINEY *et al.* v. WOODCOCK.

DUCKWORTH, Chief Justice. This petition, by an only child against the executor of her mother's estate, shows that her father and mother executed a joint will devising their entire estate to the survivor for life with complete right to consume the corpus, and the remainder, if any, to their only child. The father predeceased the mother, who thereafter executed a new will in which her property was divided between the petitioner and the petitioner's child. The petitioner alleges that her mother sold some land for money in excess of $3,000, that she had deposits in banks amounting to more than $2,000, that the defendant has these sums in his possession, and that he is insolvent and the will relieves him from giving bond. The relief prayed for is as follows:

(1) the two wills be construed; (2) the defendant be enjoined from changing the status of the assets of the estates of petitioner's father and mother, and from administering either estate; (3) item 2 of the mother's will, which gives some property to petitioner's child, be declared void; (4) the defendant account to the petitioner for money received from the sale of land; and for general relief. The exception is to a judgment overruling the defendant's general demurrer. *Held*:

1. The petition is not maintainable as one merely for construction of the wills. *Maneely* v. *Steele,* 147 *Ga.* 399 (94 S. E. 227); *Armstrong* v. *Merts,* 202 *Ga.* 483 (2), 488 (43 S. E. 2d 512). A devisee under the will can not maintain a petition for construction of the will, as only the representative of the estate may seek direction of a court (*Taylor* v. *Taylor,* 205 *Ga.* 483, 485, 53 S. E. 2d 769), and there is no assent to a legacy shown, consequently *Maneely* v. *Steele,* 147 *Ga.* 399 (supra), and *Clay* v. *Clay,* 149 *Ga.* 725 (101 S. E. 793), do not apply.

2. Equity will not interfere by enjoining a qualified representative from administering an estate or changing the status of the assets thereof "except . . . upon application of any person interested in the estate where there is danger of loss or other injury to his interests" (Code § 37-403), and then a clear case of imminent danger must be shown. *Powell* v. *Quinn,* 49 *Ga.* 523; *Griner* v. *Wilson,* 181 *Ga.* 432 (182 S. E. 592); *Butler* v. *Floyd,* 184 *Ga.* 447 (191 S. E. 460); *Furr* v. *Jordan,* 196 *Ga.* 862 (27 S. E. 2d 861); *Spence* v. *Brown,* 198 *Ga.* 566 (32 S. E. 2d 297); *Kelly* v. *Cromer,* 201 *Ga.* 375 (39 S. E. 2d 880).

3. If, as claimed, the petitioner has legal title to the property devised by item 2 of her mother's will, she has an adequate remedy at law by asserting legal title, and hence a remedy in equity is not available. *Adams* v. *Johnson,* 129 *Ga.* 611 (59 S. E. 269).

4. Since the petition alleges that the money was derived from selling land by her mother, it is thus shown to be assets of her estate, and the defendant as executor is entitled to possession thereof. Therefore no grounds for requiring the defendant to account to the petitioner are shown.

5. The foregoing rulings cover the entire relief sought, and since, as ruled, no grounds are alleged to entitle the petitioner to any relief sought, the court erred in overruling the defendant's demurrer.

*Judgment reversed. All the Justices concur.*

Argued September 17, 1954—Decided October 13, 1954.

*A. E. Ramsaur, William E. Scott, Jr., Augustine Sams,* for plaintiffs in error.

*W. Harvey Armistead,* contra.