38919.   WARREN v. WARREN, Administratrix.

DECIDED JULY 14, 1961.

*Edward Parrish, Elsie Griner,* for plaintiff in error.
*Virgil D. Griffis,* contra.

FELTON, Chief Judge.   The principal ground of the plaintiff in error's caveat is the allegation that the sale of the land of the intestate's estate was unnecessary.   This is based partially upon the alleged agreement on the part of the widow, Mrs. Warren, to pay the largest single debt of the estate out of the income from the farm, and partially upon the caveator's offer to pay the remaining debts of the estate himself.   The evidence does not show the existence of a binding contract between the widow and the heirs at law to such effect.   The testimony was only that the heirs agreed to such an arrangement.   She was allowed to take possession of the farm and the dwelling house thereon "for the rest of her life" by the unanimous consent of the twelve heirs at law.

The caveator failed to rebut satisfactorily the testimony as to the infeasibility of division of the land and the necessity of a sale

for the purpose of distribution, and this is one of the purposes for which land may be sold by an administrator under *Code Ann.* § 113-1706. The order by the ordinary's court is in effect not only leave to sell, but is an adjudication by a court of competent jurisdiction that it is necessary for the land to be administered for *one or the other or both of the purposes* indicated in *Code Ann.* §§ 113-901 and 113-1706 (i. e., for payment of debts and distribution among the heirs) and that it is for the benefit of the heirs and creditors. *Wilcox v. Thomas,* 191 Ga. 319 (1, 3) (12 SE2d 343); *Kelley v. Cromer,* 201 Ga. 375, 376 (2) (39 SE2d 880). Therefore if either reason for selling the land is found by the court to exist, the sale may be authorized.

The plaintiff in error raises a point in his brief which was not included in his caveat, i. e., that the administratrix did not first acquire possession of the land from the heirs at law in her capacity as administratrix before attempting to sell the land. Even if this contention could be urged at this time, it would not have had sufficient merit to justify denying an order granting her leave to sell the land. Neither her possession of the land nor that of anyone else was adverse to the estate. If the widow held the land adversely to the estate her institution of proceedings to sell as administratrix would estop her from attacking the validity of the sale.

Since the evidence demanded the verdict, the court did not err in directing a verdict in favor of the adminintratrix.

*Judgment affirmed. Bell and Hall, JJ., concur.*